# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 13-652V
Filed: July 17, 2014

| | | |
|---|---|---|
| * * * * * * * * * * * * * * | | UNPUBLISHED |
| L.P., a minor, by her parent, | * | |
| CORTNEY LEIBFRIED, | * | |
| | * | Special Master Dorsey |
| Petitioner, | * | |
| | * | Joint Stipulation on Damages; |
| v. | * | Pneumococcal Conjugate Vaccine |
| | * | ("Prevnar"); Hepatitis A Vaccine; |
| SECRETARY OF HEALTH | * | Diptheria-Tetanus-Acellular |
| AND HUMAN SERVICES, | * | Pertussis Vaccine ("DTaP"); |
| | * | Transverse Myelitis ("TM"). |
| Respondent. | * | |
| * * * * * * * * * * * * * * | | |

Lawrence Cohan, Anapol Schwartz, Philadelphia, PA, for petitioner.
Lisa Watts, United States Department of Justice, Washington, DC, for respondent.

## DECISION[1]

On September 9, 2013, Cortney Leibfried ("petitioner") filed a petition on behalf of her daughter, L.P., pursuant to the National Vaccine Injury Compensation Program.[2] 42 U.S.C. §§ 300aa-1 to -34 (2006). Petitioner alleged that L.P. developed transverse myelitis ("TM") as a result of DTaP, Prevnar, and Hepatitis A vaccines administered to her on September 22, 2010. Petition at 1.

On July 17, 2014, the parties filed a stipulation in which they state that a decision should

---

[1] Because this decision contains a reasoned explanation for the undersigned's action in this case, the undersigned intends to post this ruling on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). As provided by Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b).

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2006) (Vaccine Act or the Act). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

1

be entered awarding compensation.

Respondent denies that the Prevnar, Hepatitis A, and/or DTaP vaccines caused L.P.'s TM or any other injury, and further denies that L.P.'s current disabilities are sequelae of a vaccine-related injury. Nevertheless, the parties agree to the joint stipulation, attached hereto as Appendix A. The undersigned finds the stipulation reasonable and adopts it as the decision of the Court in awarding damages, on the terms set forth therein.

The parties stipulate that petitioner shall receive the following compensation:

**A lump sum of $175,000.00, in the form of a check payable to petitioner as guardian/ conservator of L.P.'s estate. This amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a); and**

**A lump sum payment of $12,182.10, representing compensation for the reimbursement of a State of Pennsylvania Medicaid lien on L.P.'s behalf, payable jointly to petitioner and the Department of Public Welfare, Attn: Karen H. Peterson, Commonwealth of Pennsylvania, Department of Public Welfare, Bureau of Program Integrity/ TPL, P.O. Box 8486, Harrisburg, PA 17105-8486. Petitioner agrees to endorse this check to the Department of Public Welfare.**

Stipulation ¶ 8.

The undersigned approves the requested amount for petitioner's compensation. Accordingly, an award should be made consistent with the stipulation.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court **SHALL ENTER JUDGMENT** in accordance with the terms of the parties' stipulation.[3]

**IT IS SO ORDERED.**

> s/ Nora Beth Dorsey
> Nora Beth Dorsey
> Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| L.P., a minor, by her parent, ) <br> CORTNEY LEIBFRIED, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> SECRETARY OF HEALTH ) <br> AND HUMAN SERVICES, ) <br> ) <br> Respondent. ) <br> ) | **ECF** <br><br> No. 13-652V <br> **Special Master** <br> Nora Beth Dorsey |

STIPULATION

The parties hereby stipulate to the following matters:

1. Cortney Leibfried ("petitioner") filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 to 34, as amended (the "Vaccine Program"), on behalf of her minor daughter, L.P. Petitioner seeks compensation for neurologic injuries allegedly related to L.P.'s receipt of pneumococcal conjugate vaccine ("Prevnar"), hepatitis A ("Hep A") vaccine, and diphtheria-tetanus-acellular pertussis ("DTaP") vaccine, which vaccines are contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3(a).

2. L.P. received the Prevnar, Hep A, and DTaP vaccines on September 22, 2010.

3. The vaccines were administered within the United States.

4. Petitioner alleges that L.P. suffered transverse myelitis ("TM"), which was caused-in-fact by the Prevnar, Hep A, and/or DTaP vaccines she received. Petitioner further alleges that L.P. suffered the residual effects of her injury for more than six months.

1

5. Petitioner represents that there has been no prior award or settlement of a civil action for damages on L.P.'s behalf as a result of her condition.

6. Respondent denies that the Prevnar, Hep A, and/or DTaP vaccines caused L.P.'s TM, or any other injury, and further denies that L.P.'s current disabilities are sequelae of a vaccine-related injury.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payments:

    a. A lump sum of $175,000.00 in the form of a check payable to petitioner as guardian/conservator of L.P.'s estate. This amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a); and

    b. A lump sum payment of $12,182.10, representing compensation for the reimbursement of a State of Pennsylvania Medicaid lien on L.P.'s behalf, payable jointly to petitioner and the Department of Public Welfare, Attn: Karen H. Peterson, Commonwealth of Pennsylvania, Department of Public Welfare, Bureau of Program Integrity/TPL, P.O. Box 8486, Harrisburg, PA 17105-8486. Petitioner agrees to endorse this check to the Department of Public Welfare.

9. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioner has filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

10. Petitioner and her attorney represent that they have identified to respondent all known sources of payment for items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), including State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C.§ 1396 et seq.)), or entities that provide health services on a prepaid basis.

11. Payments made pursuant to paragraph 8, and any amounts awarded pursuant to paragraph 9 of this Stipulation, will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

12. Petitioner represents that she is, or within 90 days of the date of judgment will become, duly authorized to serve as guardian/conservator of L.P.'s estate under the laws of the State of Pennsylvania. No payments pursuant to this Stipulation shall be made until petitioner provides the Secretary with documentation establishing her appointment as guardian/conservator of L.P.'s estate. If petitioner is not authorized by a court of competent jurisdiction to serve as guardian/conservator of L.P.'s estate at the time a payment pursuant to this Stipulation is to be made, any such payment shall be paid to the party or parties appointed by a court of competent jurisdiction to serve as guardian/conservator of the estate of L.P. upon submission of written documentation of such appointment to the Secretary.

13. The parties and their attorneys further agree and stipulate that, except for any award for attorneys' fees and litigation costs, and past unreimbursable expenses, the money provided pursuant to this Stipulation will be used solely for the benefit of L.P. as contemplated by a strict construction of 42 U.S.C. § 300aa-15(a) and (d), and subject to the conditions of 42 U.S.C. § 300aa-15(g) and (h).

14. In return for the payments described in paragraphs 8 and 9, petitioner, in her individual capacity, and as guardian/conservator of L.P.'s estate, on behalf of L.P. and her heirs, executors, administrators, successors, and assigns, does forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the United States Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of L.P. resulting from, or alleged to have resulted from, the Prevnar, Hep A, and/or DTaP vaccines administered to L.P. on September 22, 2010, as alleged by petitioner in a petition for vaccine compensation filed on September 9, 2013, in the United States Court of Federal Claims as petition No. 13-652V.

15. If L.P. should die prior to entry of judgment, this agreement shall be voidable upon proper notice to the Court on behalf of either or both of the parties.

16. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the United States Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

17. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 9 above. There is absolutely no agreement on the part of the parties hereto to make any payment or do any act or thing other than is herein expressly stated

4

and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

18. This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the Prevnar vaccine, Hep A vaccine, and/or DTaP vaccine caused L.P.'s TM, or any other injury, or that L.P.'s current disabilities are sequelae of any vaccine-related injury.

19. All rights and obligations of petitioners hereunder shall apply equally to petitioner's heirs, executors, administrators, successors, and/or assigns as legal representatives of the estate of L.P.

END OF STIPULATION

/
/
/
/
/
/
/

Respectfully submitted,

**PETITIONER:**

*[signature: Cortney Liebfried]*
CORTNEY LEIBFRIED

**ATTORNEY OF RECORD FOR PETITIONER:**

*[signature]*

LAWRENCE R. COHAN, ESQ.
ANAPOL SCHWARTZ
1710 Spruce Street
Philadelphia, PA 19103
Tel: (215) 790-4567

**AUTHORIZED REPRESENTATIVE OF THE ATTORNEY GENERAL:**

*[signature]*

VINCENT J. MATANOSKI
Deputy Director
Torts Branch, Civil Division
U. S. Department of Justice
P. O. Box 146
Benjamin Franklin Station
Washington, D.C. 20044-0146

**AUTHORIZED REPRESENTATIVE OF THE SECRETARY OF HEALTH AND HUMAN SERVICES:**

*[signature]*

A. MELISSA HOUSTON, M.D., M.P.H., FAAP
Acting Director, Division of Vaccine Injury Compensation (DVIC)
Acting Director, Countermeasures Injury Compensation Program (CICP)
Healthcare Systems Bureau
U.S. Department of Health and Human Services
5600 Fishers Lane
Parklawn Building, Stop 11C-26
Rockville, MD 20857

DATE: 7-17-2014

**ATTORNEY OF RECORD FOR RESPONDENT:**

*[signature]*

LISA A. WATTS
Senior Trial Attorney
Torts Branch
Civil Division
U. S. Department of Justice
P. O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
Tel: (202) 616-4099